IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN LEVI BROOKS, | : | PRISONER HABEAS CORPUS |
| GDC # 1138794, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:13-CV-2203-WSD-GGB |
| | : | |
| | : | |
| DENIS BRUCE LEE, | : | |
|     Respondent. | : | |

**ORDER AND FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, John Levi Brooks, an inmate at the Lee State Prison in Leesburg, Georgia, seeks to challenge the constitutionality of his May 16, 2003, convictions in the Fulton County Superior Court. [Doc. 1]. His petition is currently before me for initial consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the reasons discussed below, I **RECOMMEND** that the petition be dismissed as successive.

---

[1] Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

On May 16, 2003, Petitioner was convicted in the Fulton County Superior Court of murder, felony murder, aggravated assault, and kidnaping with bodily injury. [Doc. 1 at 1]. Petitioner was sentenced to life plus five years. Petitioner appealed and, on January 22, 2007, the Georgia Supreme Court affirmed Petitioner's convictions and sentences. *Brooks v. State*, 640 S.E.2d 280 (Ga. 2007).

Petitioner filed the instant petition on July 1, 2013, seeking to challenge his May 2003 Fulton County convictions. [Doc. 1]. However, Petitioner has already challenged those convictions in this Court. On October 23, 2008, Petitioner filed his first federal habeas corpus petition in this Court seeking to challenge the constitutionality of those convictions. *See Brooks v. Chatman*, No. 1:08-CV-3309-WSD. On August 6, 2009, I recommended granting the respondent's motion to dismiss because Petitioner's petition was time-barred under 28 U.S.C. § 2255(d). *Id.* at Doc. 7. On August 27, 2009, the district judge adopted my report and recommendation and dismissed Petitioner's petition as time barred. *Id.* at Doc. 8.

I find that the instant petition seeks to challenge the validity of Petitioner's 2003 Fulton County convictions and confinement and is a successive § 2254 petition. As such, this Court may not consider Petitioner's claims without proper certification by the Eleventh Circuit. Under 28 U.S.C. § 2244(b)(3)(A), before this Court may

2

consider a second or successive § 2254 petition, Petitioner must first move in the Eleventh Circuit for an order authorizing this Court to consider it. Because Petitioner has obtained no such order, this Court lacks jurisdiction to consider the petition. *See Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002).

## Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

I find that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Petitioner's petition is successive, and he must seek

3

AO 72A
(Rev.8/82)

authorization from the Eleventh Circuit in order for this Court to consider it. Thus, a certificate of appealability should not issue.

## Conclusion

Based on the foregoing, **I RECOMMEND** that the instant 28 U.S.C. § 2254 petition be **DISMISSED** under Rule 4 without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a successive § 2254 petition under 28 U.S.C. § 2244(b)(3)(A).

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

**I FURTHER RECOMMEND** that Petitioner's motion to amend to change the grounds he is raising in the petition [Doc. 3] be **DENIED** as moot.

**I ORDER** that Petitioner's request to proceed *in forma pauperis* [Doc. 2] be **GRANTED** for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED** this 14th day of August, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE