IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN LEVI BROOKS,
GDC # 1138794,

       Petitioner,

v.                                            1:13-cv-2203-WSD

DENIS BRUCE LEE,

       Respondent.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [5] ("R&R"). Also before the Court is Petitioner's Motion to Amend Petition [3] ("Motion to Amend").

**I.    BACKGROUND**

On July 1, 2013, Petitioner John Levi Brooks ("Petitioner"), an inmate at the Lee State Prison in Leesburg, Georgia proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge the constitutionality of his May 2003 convictions, in the Fulton County Superior Court, for murder, aggravated assault, felony murder, and kidnapping.

On August 14, 2013, Magistrate Judge Brill issued her R&R after reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases. Judge Brill

found that, in October 2008, Petitioner filed a previous habeas petition in this Court, also challenging his May 2003 convictions. In August 2009, the previous petition was denied as time-barred under 28 U.S.C. § 2255(d). Judge Brill further found that Petitioner failed to obtain an order from the United States Court of Appeals for the Eleventh Circuit authorizing the filing of this second habeas petition. Judge Brill thus concluded that this action is required to be dismissed without prejudice to Petitioner's right to seek leave of the Eleventh Circuit to re-file the petition.

On September 6, 2013, a document entitled "Written Objections to the Magistrate Judge's Recommendation" [7] ("Objection") was filed on the docket. Although the Objection purports to constitute Petitioner's objections to the R&R, the document is not signed by Petitioner or an attorney.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

In his Objection, Petitioner argues that his current petition is not successive because his previous petition raised different claims than those asserted here and that this Court has never reviewed his current claims for relief.[1]  Petitioner does not dispute that both his current and previous petitions seek to challenge the same state court convictions.  Under 28 U.S.C. § 2244, a habeas petitioner may not assert a second petition on the same conviction, even to assert a new claim not raised in his original petition, unless the petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider" the second petition. 28 U.S.C. § 2244(a)(3)(A); see also id. § 2244(a)(b)(2) (authorizing successive petitions on claims not previously raised only in limited circumstances).  There is

---

[1] Petitioner's Objection is not signed and is therefore not properly before the Court. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.")  Because of Petitioner's *pro se* status and the Court's desire to decide matters on their merits, the Court nevertheless considers Petitioner's argument here.

no dispute that Petitioner here has not moved the Eleventh Circuit for an order allowing his second petition.  Absent such an order, this Court is not authorized to consider the petition.  Petitioner's Objection is overruled, and Judge Brill's recommendation that this action be dismissed is adopted.[2]

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [5] is **ADOPTED**.  This action is **DISMISSED** without prejudice to Petitioner's right under 28 U.S.C. § 2244 to move, in the United States Court of Appeals for the Eleventh Circuit, for an order allowing a successive habeas petition.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend Petition [3] is **DENIED AS MOOT**.

**SO ORDERED** this 24th day of January, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner does not object to the Magistrate Judge's conclusion that, in light of the necessity to dismiss this action, Petitioner's Motion to Amend is required to be denied as moot.  The Court does not find any error in this recommendation and adopts it.